JUDGE OETKEN

14 CV 3577

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

WATERFORD TOWNSHIP POLICE & FIRE : Civil Action No.
RETIREMENT SYSTEM, Individually and on :
Behalf of All Others Similarly Situated, : COMPLAINT FOR VIOLATION OF THE
: FEDERAL SECURITIES LAWS
                       Plaintiff, :
:
    vs. :
:
PLY GEM HOLDINGS, INC., GARY E. :
ROBINETTE, SHAWN K. POE, :
FREDERICK J. ISEMAN, ROBERT A. :
FERRIS, STEVEN M. LEFKOWITZ, JOHN :
D. ROACH, MICHAEL P. HALEY, :
TIMOTHY T. HALL, JEFFREY T. BARBER, :
J.P. MORGAN SECURITIES LLC, CREDIT :
SUISSE SECURITIES (USA) LLC, :
GOLDMAN, SACHS & CO., UBS :
SECURITIES LLC, DEUTSCHE BANK :
SECURITIES INC., ZELMAN PARTNERS :
LLC, BB&T CAPITAL MARKETS, A :
DIVISION OF BB&T SECURITIES, LLC and :
STEPHENS INC., :
:
                       Defendants. :
:
---------------------------------------------------------------- x



RECEIVED MAY 19 2014 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff Waterford Township Police & Fire Retirement System ("Plaintiff") makes the following allegations based upon the investigation undertaken by its counsel, which included a review of United States Securities and Exchange Commission ("SEC") filings by Ply Gem Holdings, Inc. ("Ply Gem" or the "Company"), as well as securities analysts' reports and advisories about the Company, press releases, media reports and other public statements issued by or about the Company. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons or entities, other than Defendants (the "Class"), who purchased the common shares of Ply Gem pursuant and/or traceable to the Company's initial public offering on or about May 22, 2013 (the "IPO") seeking to pursue remedies under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act").

2. Defendant Ply Gem is a manufacturer of exterior building products for the residential and commercial construction, do-it-yourself, and professional remodeling and renovation markets, whose products are primarily sold in the United States and Canada.

3. On May 22, 2013, the SEC declared effective the Company's IPO Form S-1 registration statement, as amended (the "Form S-1"), offering to sell 18,157,895 Ply Gem common shares (including 2,368,421 common shares pursuant to overallotment options issued to the Company's underwriters) to the public at a proposed price of $20.00 per share.

4. On May 23, 2013, the Company issued 18,157,895 of its common shares to the public at a price of $21.00 per share and received net proceeds of approximately $353.4 million from the IPO. The Company's common shares are listed and trade under the symbol "PGEM" on the New York Stock Exchange ("NYSE").

5. The Form S-1, which incorporated a Prospectus (jointly referred to herein as the "Registration Statement"), was negligently prepared and, as a result, contained untrue statements of material fact and omitted to disclose material information which was required to be disclosed pursuant to the regulations governing its preparation and was materially inaccurate.

6. Specifically, the Registration Statement negligently failed to disclose certain material events known to Defendants that caused the financial information reported in the Registration Statement not to be indicative of Ply Gem's future operating results. These material events included: (i) that Ply Gem had agreed to buy back certain inventory from The Home Depot, Inc. ("Home Depot") as an accommodation related to a new supply agreement between the two companies (the "Supply Agreement"); (ii) the Supply Agreement required that Ply Gem initially sell Home Depot a large volume of lower-priced, lower-margin product; (iii) that Ply Gem was experiencing on-going labor inefficiencies and other ramp-up costs associated with the initial roll out of lower-priced, lower-margin products to Home Depot; (iv) that April 2013 was a particularly poor month for the Company, with management noting that "maybe it wasn't our worst April in eight years, but it was our worst in a while"; and (v) high customer inventory at the end of the first quarter was adversely affecting the demand for and sales of Ply Gem's siding products in April 2013 and May 2013.

7. In addition, the Registration Statement failed to disclose all material risks and changes in Ply Gem's business affairs as required pursuant to the instructions of Form S-1.

8. At the time of the filing of this Complaint, Ply Gem common shares trade in a range between $10.50 and $11 a share – 50% less than the IPO price.

## JURISDICTION AND VENUE

9. The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act [15 U.S.C. §§77k, 77l(a)(2) and 77o].

10.     This Court has jurisdiction over this action pursuant to Section 22 of the Securities Act [15 U.S.C. §77v] and 28 U.S.C. §1331.

11.     Venue is properly laid in this District pursuant to Section 22 of the Securities Act, and 28 U.S.C. §§1391(b) and (c). The acts and conduct complained of herein occurred in substantial part in this District, the IPO was marketed in this District and many of the Underwriter Defendants, as defined below, are located in this District.

12.     In connection with the acts and conduct alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the mails and telephonic communications and the facilities of the NYSE.

## PARTIES

13.     Plaintiff Waterford Township Police & Fire Retirement System purchased Ply Gem common shares, as set forth in the certification attached hereto and incorporated herein by reference, traceable to the IPO and was damaged thereby.

14.     Defendant Ply Gem manufactures and sells residential and commercial building products primarily in the United States and Canada. Ply Gem's fiscal quarters end on the Saturday of the last week in the quarter.

15.     Defendant Gary E. Robinette ("Robinette") served, at all relevant times, as President, Chief Executive Officer, Vice Chairman of the Board of Directors and a director of Ply Gem.

16.     Defendant Shawn K. Poe ("Poe") served, at all relevant times, as Vice President, Chief Financial Officer, Treasurer and Secretary of Ply Gem.

17.     Defendant Frederick J. Iseman ("Iseman") served, at all relevant times, as Chairman of the Board of Directors of Ply Gem.

18. Defendants Robert A. Ferris ("Ferris"), Steven M. Lefkowitz ("Lefkowitz"), John D. Roach ("Roach"), Michael P. Haley ("Haley"), Timothy T. Hall ("Hall") and Jeffrey T. Barber ("Barber") served, at all relevant times, as directors of Ply Gem.

19. Defendants Robinette, Poe, Iseman, Ferris, Lefkowitz, Roach, Haley, Hall and Barber are collectively referred to herein as the "Individual Defendants." Each of the Individual Defendants signed the Registration Statement.

20. Defendants J.P. Morgan Securities LLC ("J.P. Morgan"), Credit Suisse Securities (USA) LLC ("Credit Suisse"), Goldman, Sachs & Co. ("Goldman Sachs"), UBS Securities LLC ("UBS"), Deutsche Bank Securities Inc. ("Deutsche Bank"), Zelman Partners LLC ("Zelman"), BB&T Capital Markets, a division of BB&T Securities, LLC ("BB&T") and Stephens Inc. ("Stephens") acted as joint book-running managers and representatives of the underwriters of the IPO.

21. Defendants J.P. Morgan, Credit Suisse, Goldman Sachs, UBS, Deutsche Bank, Zelman, BB&T and Stephens are collectively referred to herein as the "Underwriter Defendants." The Underwriter Defendants participated in the drafting and dissemination of the Registration Statement and received discounts and commissions of approximately $25.4 million in connection with the IPO.

22. The Underwriter Defendants failed to perform adequate due diligence in connection with their role as underwriters and were negligent in failing to ensure that the Registration Statement for the IPO was prepared properly and accurately. The Underwriter Defendants' failure to conduct an adequate due diligence investigation was a substantial factor leading to the harm complained of herein.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of a class consisting of all persons or entities who purchased the common shares of Ply Gem pursuant and/or traceable to the Company's IPO on or about May 22, 2013. Excluded from the Class are Defendants named herein, members of the immediate families of each of the Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

24. The members of the Class are so numerous that joinder of all members is impracticable. Ply Gem issued 18,157,895 of its common shares in the IPO. The precise number of members in the Class is unknown to Plaintiff at this time but is believed to be in the thousands. In addition, the names and addresses of the Class members can be ascertained from the books and records of Ply Gem or its transfer agent or the underwriters of the IPO. Notice can be provided to such record owners by a combination of published notice and first-class mail, using techniques and a form of notice similar to those customarily used in class actions arising under the federal securities laws.

25. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in class action litigation under the federal securities laws to further ensure such protection and intends to prosecute this action vigorously.

26. Plaintiff's claims are typical of the claims of the other members of the Class because Plaintiff's and all the Class members' damages arise from and were caused by the same false and

misleading representations and omissions made by or chargeable to Defendants. Plaintiff does not have any interests antagonistic to, or in conflict with, the Class.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

28. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    (a) whether the federal securities laws were violated by Defendants' acts as alleged herein;

    (b) whether the Registration Statement issued by Defendants to the investing public in connection with the IPO negligently omitted and/or misrepresented material facts about Ply Gem and its business; and

    (c) to what extent the members of the Class have sustained damages and the proper measure of damages.

## SUBSTANTIVE ALLEGATIONS

29. Defendant Ply Gem is a leading manufacturer of exterior building products in North America, operating its business via two reportable segments: (i) the Siding, Fencing and Stone ("SF&S") segment; and (ii) the Windows and Doors ("W&D") segment. The SF&S and W&D segments respectively accounted for approximately 59% and 41% of the Company's sales during the year ended December 31, 2012.

30. Historically, Ply Gem's SF&S segment targeted the home repair and remodeling market by offering a comprehensive line of vinyl siding, designer accents, cellular PVC trim, vinyl fencing, vinyl and composite railing, rain removal systems and stone veneer products.

31. The Company's W&D segment has historically targeted the new construction market, with product offerings that include a variety of vinyl, aluminum and wood windows and patio doors, and steel, wood and fiberglass entry doors.

32. Prior to its IPO, Ply Gem had accumulated a large amount of debt, with its liabilities of $1.249 billion exceeding its total assets of $906 million by $343 million on March 30, 2013. In large part, Ply Gem's long-term debt of $1.016 billion accounted for the lion's share of its total liabilities at March 30, 2013. The Company's long-term debt on that date consisted largely of its 9.375% Senior Notes that mature on April 15, 2017 and its 8.25% Senior Secured Notes that mature on February 15, 2018 (the "8.25% Senior Secured Notes").

33. According to the Registration Statement, Ply Gem intended to use the proceeds from the IPO to pay down a portion of the above-noted debt and for general corporate purposes.

34. Pursuant to the terms of the indenture governing its 8.25% Senior Secured Notes, Ply Gem was subject to the informational reporting requirements of the Securities Exchange Act of 1934 (the "Exchange Act"). Accordingly, prior to the IPO, the Company filed with the SEC its annual, quarterly and current reports required pursuant to Section 13 or 15(d) of the Exchange Act.

35. Prior to the IPO, PlyGem entered into the Supply Agreement with Home Depot. The Supply Agreement, which was not disclosed to investors, was material to Ply Gem's operations and provided the Company with $40 million to $50 million of incremental business.

36. Unbeknownst to investors, the Supply Agreement obligated Ply Gem to buy back certain inventory from Home Depot as an accommodation to Home Depot for entering into the

Supply Agreement with Ply Gem. In addition, the Supply Agreement required that Ply Gem initially sell Home Depot a large volume of lower-priced, lower-margin product.

37.     These known, but undisclosed, events had a material adverse effect on Ply Gem's operating results during its second quarter ended June 29, 2013.

38.     The Registration Statement negligently failed to disclose material information that was required to be disclosed pursuant to the regulations governing its preparation and, as a result, was materially inaccurate.

39.     First, Item 11 of Form S-1 required the Registration Statement to furnish the information called for under Item 303 of Regulation S-K [17 C.F.R. §229.303], *Management's Discussion and Analysis of Financial Condition and Results of Operations*.

40.     The instructions to Item 303(a) of Regulation S-K required that the disclosure in the Registration Statement "focus specifically" on material events known to management that would cause Ply Gem's reported financial information not to be necessarily indicative of future operating results, stating, in pertinent part, as follows:

> The discussion and analysis shall ***focus specifically on material events*** and uncertainties ***known to management that would cause reported financial information not to be necessarily indicative of future operating results*** or of future financial condition. ***This would include descriptions and amounts of (A) matters that would have an impact on future operations and have not had an impact in the past***, and (B) matters that have had an impact on reported operations and are not expected to have an impact upon future operations.

[Emphasis added.]

41.     In violation of these disclosure obligations, the Registration Statement negligently failed to disclose the following known material events that were reasonably likely to have a material adverse effect on Ply Gem's gross profit, gross margins, and operating results:

>     (a)     that Ply Gem had agreed to buy back inventory as an accommodation related to the Supply Agreement with Home Depot;

(b) that the Supply Agreement required that Ply Gem initially sell a large volume of lower-priced, lower-margin product to Home Depot;

(c) that Ply Gem was experiencing on-going labor inefficiencies and other ramp-up costs associated with the roll out of lower-priced, lower-margin products to Home Depot;

(d) that after being informed by Ply Gem's customers that "March [2013] was their worst March in eight years," April 2013 was a particularly poor month for the Company, with Defendant Robinette stating that Defendants knew "it was going to hit in April [2013] and maybe it wasn't our worst April in eight years, but it was our worst in a while;" and

(e) that high customer inventory at the end of the first quarter was adversely affecting the demand for and sales of Ply Gem's siding products in April 2013 and May 2013.

42. In addition, Instruction 11(a) of Form S-1 required Ply Gem to disclose "any and all material changes in the registrant's affairs which have occurred since the end of the latest fiscal year . . . ."

43. Here, the Registration Statement negligently failed to disclose several material changes in Ply Gem's affairs during its fiscal 2013 second quarter which were required to be disclosed pursuant to Instruction 11(a), including, but not limited to, the material changes ensuing from the Supply Agreement.

44. Finally, Item 3 of Form S-1 required the Registration Statement to furnish the information called for under Item 503 of Regulation S-K [17 C.F.R. §229.503], including, among other things, a "discussion of the most significant factors that make the offering risky or speculative."

45. The Registration Statement negligently failed to disclose the then-existing (as opposed to potential) risks associated with its labor efficiencies and ramp-up costs. In addition, the

"risk" disclosures in the Registration Statement were not meaningful and/or failed to advise investors in the IPO about the then-existing risk associated with the Company's limited understanding of and visibility into the products demanded by home builders.

46.     At the time of the filing of this Complaint, Ply Gem common shares trade in a range between $10.50 and $11 a share – 50% less than the IPO price.

## COUNT I

### Violations of Section 11 of the Securities Act
### (Against All Defendants)

47.     Plaintiff repeats and realleges each and every allegation contained above.

48.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all Defendants. Plaintiff does not claim that Defendants committed intentional or reckless misconduct or that Defendants acted with fraudulent intent.

49.     The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

50.     At the time of their purchases of Ply Gem common shares, Plaintiff and the other members of the Class were without knowledge of the facts associated with the wrongful conduct alleged herein. As a result of Defendants' violations, the value of Ply Gem common shares has declined substantially and therefore Plaintiff and the Class have sustained damages.

51.     Ply Gem is the registrant for the IPO. As the issuer of common shares, Ply Gem is strictly liable to Plaintiff and the Class for the materially inaccurate statements in the Registration Statement and the failure of the Registration Statement to be complete and disclose the material information required pursuant to the regulations governing its preparation.

52. The Individual Defendants signed the Registration Statement either personally or through an Attorney-in-Fact and caused its issuance. The Individual Defendants each had a duty to make a reasonable and diligent investigation of the truthfulness and accuracy of the statements contained in the Registration Statement. They had a duty to ensure that such statements were true and accurate and that there were no omissions of material facts that would make the statements in the Registration Statement inaccurate. By virtue of the Individual Defendants' failure to exercise reasonable care, the Registration Statement contained inaccurate misrepresentations and/or omissions of material facts. As such, the Individual Defendants are liable to Plaintiff and the Class.

53. The Underwriter Defendants failed to perform adequate due diligence in connection with their role as underwriters and were negligent in failing to ensure that the Registration Statement for the IPO was prepared properly and accurately. The Underwriter Defendants' failure to conduct an adequate due diligence investigation was a substantial factor leading to the harm complained of herein. As such, the Individual Defendants are liable to Plaintiff and the Class.

54. The Defendants named herein were responsible for the contents and dissemination of the Registration Statement. None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not inaccurate. By reasons of the conduct herein alleged, each Defendant violated and/or controlled a person who violated Section 11 of the Securities Act.

## COUNT II

**Violation of Section 15 of the Securities Act**
**(Against the Individual Defendants)**

55. Plaintiff repeats and realleges each and every allegation contained above.

56. This Count is asserted by Plaintiff against all the Individual Defendants. Plaintiff does not claim that the Individual Defendants committed intentional or reckless misconduct or that the Individual Defendants acted with fraudulent intent.

57. Throughout the Class Period, the Individual Defendants acted as controlling persons of Ply Gem within the meaning of Section 15 of the Securities Act. By reason of their ownership interest, senior management positions and/or directorships at the Company, the Individual Defendants individually, and acting pursuant to a common plan, had the power to influence and exercised the same to cause Ply Gem to engage in the conduct complained of herein and were therefore control persons of Ply Gem. By reason of such conduct, the Individual Defendants are liable pursuant to Section 15 of the Securities Act.

58. Each of the Individual Defendants was a culpable participant in the violation of Section 11 of the Securities Act alleged in Count I above, based on their having signed the Registration Statement and/or having otherwise participated in the process which allowed the IPO to be successfully completed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of itself and the Class, prays for judgment as follows:

A. Determining that this action is a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and plaintiff's counsel as Lead Counsel;

B. Awarding Plaintiff and other members of the Class damages together with interest thereon;

C. Awarding Plaintiff and other members of the Class their costs and expenses of this litigation, including reasonable attorneys' fees, accountants' fees and experts' fees and other costs and disbursements; and

D.  Awarding Plaintiff and other members of the Class such other and further relief as may be just and proper under the circumstances.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

DATED: May 19, 2014

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

_____
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

VANOVERBEKE MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone: 313/578-1200
313/578-1201 (fax)

Attorneys for Plaintiff

CERTIFICATION OF NAMED PLAINTIFF
PURSUANT TO FEDERAL SECURITIES LAWS

WATERFORD TOWNSHIP POLICE & FIRE RETIREMENT SYSTEM ("Plaintiff") declares:

1.  Plaintiff has reviewed a complaint and authorized its filing.

2.  Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3.  Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.  Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

| Security | Transaction | Date | Price Per Share |
|---|---|---|---|

See attached Schedule A.

5.  Plaintiff has not sought to serve or served as a representative party in a class action that was filed under the federal securities laws within the three-year period prior to the date of this Certification except as detailed below:

*Morris v. Smith Micro Software, Inc., et al.*, No. 8:11-cv-976 (C.D. Cal.)

6.  The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of

PLY GEM

any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of ___May___, 2014.

WATERFORD TOWNSHIP POLICE & FIRE RETIREMENT SYSTEM

By: _[signature]_

Its: _Pension Chair_

## SCHEDULE A

## SECURITIES TRANSACTIONS

**Acquisitions**

| Date Acquired | Type/Amount of Securities Acquired | Price |
|---|---|---|
| 06/10/2013 | 1,328 | $21.16 |
| 06/11/2013 | 572 | $21.17 |
| 06/25/2013 | 1,400 | $20.98 |

**Sales**

| Date Sold | Type/Amount of Securities Sold | Price |
|---|---|---|
| 09/12/2013 | 115 | $15.99 |
| 09/13/2013 | 33 | $15.88 |
| 09/13/2013 | 1,587 | $15.92 |
| 09/16/2013 | 17 | $15.71 |
| 09/16/2013 | 291 | $15.80 |
| 09/17/2013 | 171 | $15.87 |
| 09/18/2013 | 217 | $16.04 |
| 09/19/2013 | 326 | $16.30 |
| 09/19/2013 | 543 | $16.46 |