UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WATERFORD TOWNSHIP POLICE & FIRE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLY GEM HOLDINGS, INC., GARY E. ROBINETTE, SHAWN K. POE, FREDERICK J. ISEMAN, ROBERT A. FERRIS, STEVEN M. LEFKOWITZ, JOHN D. ROACH, MICHAEL P. HALEY, TIMOTHY T. HALL, JEFFREY T. BARBER, J.P. MORGAN SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GOLDMAN, SACHS & CO., UBS SECURITIES LLC, DEUTSCHE BANK SECURITIES INC., ZELMAN PARTNERS LLC, BB&T CAPITAL MARKETS, A DIVISION OF BB&T SECURITIES, LLC and STEPHENS INC.,<br><br>Defendants. | <br><br>No. 14 Civ. 3577-JPO |

## STIPULATION AND [~~PROPOSED~~] ORDER

WHEREAS, on May 19, 2014, the plaintiff in this action filed a purported class action complaint asserting claims against Defendant Ply Gem Holdings, Inc., Gary E. Robinette, Shawn K. Poe, Frederick J. Iseman, Robert A. Ferris, Steven M. Lefkowitz, John D. Roach, Michael P. Haley, Timothy T. Hall, and Jeffrey T. Barber, J.P. Morgan Securities LLC, Credit Suisse Securities (USA) LLC, Goldman, Sachs & Co., UBS Securities LLC, Deutsche Bank Securities Inc., Zelman Partners LLC, BB&T Capital Markets, A Division of BB&T Securities, LLC, and Stephens Inc., pursuant to Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act");

WHEREAS, the complaint in this action is governed by the provisions of the Private Securities Litigation Reform Act (the "PSLRA") that provide for a specific process for the appointment of lead plaintiff(s) and lead counsel to represent the putative class;

IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for Plaintiff and the attorneys for Gary E. Robinette, Shawn K. Poe, Frederick J. Iseman, Steven M. Lefkowitz, Michael P. Haley, Timothy T. Hall, and Jeffrey T. Barber (collectively "Individual Defendants"), as follows:

1. Undersigned counsel for the Individual Defendants are authorized to accept, and hereby do accept, service of the summons and complaints in the above-captioned action on behalf of the Individual Defendants, without prejudice and without waiver of any of the Individual Defendants' defenses, objections or arguments in this matter or any other matter, except as to sufficiency of service of process.

2. The Individual Defendants shall not be required to answer or otherwise respond to, and are hereby expressly relieved from answering or otherwise responding to, the complaint in the above-captioned action subject to the provisions of paragraph 4 below.

3. Within 10 days after the entry of an order appointing, pursuant to the PSLRA, lead plaintiff(s) and lead counsel in the above-captioned action (or a consolidated action encompassing the above-captioned action), lead plaintiff(s) shall (a) inform the Individual Defendants that it intends to serve and file a consolidated class action complaint within sixty (60) days after entry of the order appointing lead plaintiff(s), which shall serve as the operative complaint in the action and shall supersede any other complaints filed in and/or transferred to this Court or (b) notify counsel for the Individual Defendants that the original complaint filed by lead plaintiff(s) will be the operative complaint in the action.

4.  If lead plaintiff(s) serves and files an amended or consolidated complaint, the Individual Defendants shall have sixty (60) days following service to move or answer in response to that complaint. If lead plaintiff(s) notifies the Individual Defendants that the original complaint shall serve as the operative complaint, the Individual Defendants shall move or answer in response to the complaint no later than sixty (60) days after lead plaintiff(s) provides such notice. If any Individual Defendant files a motion to dismiss the complaint, lead plaintiff(s) shall have sixty (60) days to respond to the motion, and the Individual Defendants shall have thirty (30) days to file their reply brief(s).

5.  The Individual Defendants have not previously made any requests for an extension of time in this matter.

Dated: June 30, 2014
       New York, New York

**ROBBINS GELLER RUDMAN & DOWD LLP**

By: *David A. Rosenfeld /s CT*

Samuel H. Rudman
David A. Rosenfeld
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

**VANOVERBEKE MICHAUD & TIMMONY, P.C.**

Thomas C. Michaud
79 Alfred Street
Detroit, MI 48201
(313) 578-1200

*Attorneys for Plaintiff*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: _____

Daniel J. Kramer
Alexandra M. Walsh
Christopher Terranova
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
dkramer@paulweiss.com
awalsh@paulweiss.com
cterranova@paulweiss.com

*Attorneys for Defendants Ply Gem Holdings, Inc., Gary E. Robinette, Shawn K. Poe, Frederick J. Iseman, Steven M. Lefkowitz, Michael P. Haley, Timothy T. Hall, and Jeffrey T. Barber*

7/1/14
Dated

SO ORDERED.
_____
J. PAUL OETKEN
United States District Judge