UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE PLY GEM HOLDINGS, INC.,      :         14-CV-3577 (JPO)
SECURITIES LITIGATION           :
------------------------------------------------------------X      <u>OPINION AND ORDER</u>

J. PAUL OETKEN, District Judge:

        Plaintiff Waterford Township Police and Fire Retirement System ("Waterford") brought

this putative class action against Ply Gem Holdings, Inc. ("Ply Gem"), the underwriters of its

initial public offering, and several of its executives, pursuant to Sections 11 and 15 of the

Securities Act, 15 U.S.C. §§ 77o, 77k.  Waterford published notice of the putative class action on

*Business Wire* shortly after filing suit.  *See* The Private Securities Litigation Reform Act

("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(A)(i).  In response, two[1] entities move to be appointed lead

plaintiff: (1) The Macomb County, Michigan, Employees' Retirement System ("Macomb

County") and (2) a proposed combination of (a) The Electrical Workers Pension Trust Fund of

IBEW Local Union No. 58 and IBEW Local Union No. 58 Annuity Fund ("IBEW"), (b) The

Strathclyde Pension Fund ("Strathclyde"), and (c) The Oklahoma Firefighters Pension and

Retirement System ("Oklahoma Firefighters") (collectively, "The Triumvirate").  The

Triumvirate moves to consolidate several pending actions.  Macomb County has retained

Labaton Sucharow LLP and proposes that firm as class counsel.  The Triumvirate has retained

Robbins, Geller, Rudman, and Dowd LLP ("Robbins Geller") and proposes that firm as class

counsel.  For the reasons that follow, the actions are consolidated, Strathclyde is certified as lead

plaintiff, and Robbins Geller is appointed class counsel.

---

[1] As will become clear, one of the movants is, in reality, three entities.

## I.      Lead Plaintiff

The PSLRA establishes a procedure to appoint a lead plaintiff in securities class actions.

First, the plaintiff who filed the initial complaint must publish a notice informing class members

of their right to move to be lead plaintiff within sixty days of the notice.  15 U.S.C. § 78u–

4(a)(3)(A)(i).  The Court then selects a lead plaintiff.

The PSLRA provides that:

> the court . . . shall appoint as lead plaintiff the member or members of the
> purported plaintiff class that the court determines to be most capable of
> adequately representing the interests of class members (hereafter . . . referred to as
> the "most adequate plaintiff").

15 U.S.C. § 78u–4(a)(3)(B)(i).  To determine the "most adequate plaintiff"

> the court shall adopt a presumption that the most adequate plaintiff in any private
> action arising under this chapter is the person or group of persons that—(aa) has
> either filed the complaint or made a motion in response to a notice . . ., (bb) in the
> determination of the court, has the largest financial interest in the relief sought by
> the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal
> Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).  This presumption may be "rebutted only upon proof by a

member of the purported plaintiff class that the presumptively most adequate plaintiff—(aa) will

not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses

that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u–

4(a)(3)(B)(iii)(II).

Macomb County concedes that The Triumvirate has the largest financial interest in the

litigation and that The Triumvirate meets the requirements of the PSLRA in all other respects.

Upon independent review, the Court agrees.  But an issue remains.  The Triumvirate, as its name

would suggest, is three entities, not one.

Although the text of the PSLRA seems to allow it, there are two good reasons not to

appoint joint lead plaintiffs.  First, joint lead plaintiffs run counter to the purposes of the PSLRA,

2

which seeks to avoid "lawyer-driven litigation."  Appointing the lead plaintiff on the basis of financial interest, rather than first-come-first-serve, was intended to ensure that investors would control the litigation, not lawyers.  *See* H.R. CONF. REP. No. 104–369, at 31–35 (1995). Allowing lawyers to combine otherwise unrelated entities as joint lead plaintiffs would encourage the lawyers to drive the litigation.  *See In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997) (citing *id.* at 35) ("Congress hoped that the lead plaintiff would seek the lawyers, rather than having the lawyers seek the lead plaintiff.").  Courts have, accordingly, rejected proposals for joint lead plaintiffs.  *E.g.*, *id.*; *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 254 (S.D.N.Y. 2003); *Roth v. Knight Trading Group, Inc.*, 228 F. Supp. 2d 524, 531 (D.N.J. 2002); *EZRA Charitable Trust v. Rent-Way, Inc.*, 136 F. Supp. 2d 435, 444 (W.D. Pa. 2001).  Second, joint lead plaintiffs risk the possibility—albeit a remote one—that the lead plaintiffs will disagree about a decision in the litigation.  This contravenes the purposes of Rule 23.  *See* Fed. R. Civ. P. 23.  The Triumvirate has not offered any reason for appointing an aggregation of unrelated institutional investors as lead plaintiff(s), and the Court does not see one.

Therefore, the Court will appoint the single entity with the largest financial stake in the litigation as lead plaintiff.  Macomb County claims a loss of $372,635; IBEW claims a loss of at least $460,000; Oklahoma Firefighters claims a loss of at least $110,000; and Strathclyde claims a loss of at least $500,000.  Strathclyde wins.  It is appointed lead plaintiff.[2]

## II.    Class Counsel

Under the PSLRA, the lead plaintiff chooses class counsel subject to the Court's approval.  15 U.S.C. §77z-1(a)(3)(B)(v).  The Court ordinarily defers to the lead plaintiff's

---

[2] Strathclyde moved to be lead plaintiff only as part of The Triumvirate.  It might not want to be lead plaintiff on its own.  If so, Strathclyde is directed to notify the Court by October 21, 2014.

choice.  *See In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 447 (S.D.N.Y. 2013).  Strathclyde

has chosen Robbins Geller, a well-known firm specializing in securities litigation.  The firm does

not have any conflicts of interest and the Court can see no reason why it will not fairly and

adequately represent the class.  Robbins Geller is appointed class counsel.

**III.    Consolidation**

The Triumvirate's unopposed motion to consolidate the pending cases under Sections 11

and 15 of the Securities Act related to Ply Gem's IPO is granted.

**IV.    Conclusion**

For the foregoing reasons, Strathclyde is appointed lead plaintiff, Robbins Geller is

appointed class counsel, and the actions (case numbers 14-CV-3577 and 14-CV-5283) are

consolidated.

The Clerk of the Court is directed to close the motions at docket numbers 14 and 17, and

to amend the caption on ECF to "In re Ply Gem Holdings, Inc., Securities Litigation."

SO ORDERED.


Dated: October 14, 2014
       New York, New York

_____

J. PAUL OETKEN
United States District Judge