UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ———————————————— x |  |  |
| In re PLY GEM HOLDINGS, INC., SECURITIES LITIGATION | : : : | Civil Action No. 1:14-cv-03577-JPO <br><br> CLASS ACTION |
| ———————————————— | : |  |
| This Document Relates To: |  : : | STIPULATION AND AGREEMENT OF SETTLEMENT |
| ALL ACTIONS. | : : |  |
| ———————————————— x |  |  |

This Stipulation and Agreement of Settlement dated as of February 9, 2018 (the "Stipulation" or the "Settlement"), is made and entered into by and among: (i) The Strathclyde Pension Fund (on behalf of itself and each of the Class Members), by and through its counsel of record in the Litigation (as defined herein); and (ii) Defendants Ply Gem Holdings, Inc. ("Ply Gem" or the "Company"), Gary E. Robinette, Shawn K. Poe, Frederick J. Iseman, Robert A. Ferris, Steven M. Lefkowitz, John D. Roach, Michael P. Haley, Timothy T. Hall, and Jeffrey T. Barber (collectively, without Ply Gem, the "Individual Defendants"), J.P. Morgan Securities LLC, Credit Suisse Securities (USA) LLC, Goldman Sachs & Co. LLC, UBS Securities LLC, Deutsche Bank Securities Inc., Zelman Partners LLC, BB&T Capital Markets, a division of BB&T Securities, LLC, and Stephens Inc., by and through their counsel of record in the Litigation.  The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

I.      THE LITIGATION

The initial complaint in this case, entitled *Waterford Township Police & Fire Retirement System v. Ply Gem Holdings, Inc., et al.*, Civil Action No. 1:14-cv-03577-JPO, was filed in the United States District Court for the Southern District of New York (the "Court") on May 19, 2014. On October 14, 2014, the Court appointed The Strathclyde Pension Fund Lead Plaintiff.

On November 6, 2015, the Consolidated Second Amended Complaint (the "Complaint") was filed alleging violations of §§11, 12(a)(2) and 15 of the Securities Act of 1933.  The named defendants in the Complaint were Ply Gem, the Individual Defendants and the Underwriter Defendants.  On January 13, 2016, Defendants moved to dismiss the Complaint.  On September 23, 2016, the Court granted in part and denied in part Defendants' motion to dismiss.  On November 3, 2016, Defendants filed answers to the Complaint and asserted defenses thereto.

- 1 -

On February 15, 2017, Lead Plaintiff filed a motion for class certification which was fully briefed by the parties and remained under submission at the time the parties reached an agreement in principle to settle the Action.

During the pendency of the Litigation, Lead Plaintiff and Defendants engaged in extensive discovery.  The parties produced more than 70,000 documents totaling approximately 250,000 pages.

In the course of the Litigation, the parties engaged the services of the Honorable Layn R. Phillips (Ret.), a nationally recognized mediator.  A mediation session with Judge Phillips was held on March 28, 2017.  That mediation session did not result in a settlement.  Accordingly, the parties continued discovery and motion practice while simultaneously participating in periodic telephonic conversations with the mediator regarding a potential settlement of the Action.  These discussions with the mediator became more frequent and culminated with Lead Plaintiff and Ply Gem agreeing to settle the Action for $25.95 million subject to the negotiation of the terms of this Stipulation and approval by the Court.

During the week of September 25, 2017, Lead Plaintiff informed the Court that the parties had reached an agreement in principle to settle the Action, subject to final documentation of the Settlement's terms.

## II.     LEAD PLAINTIFF'S CLAIMS AND THE BENEFIT OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports those claims.  However, Lead Plaintiff and its counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals.  Lead Plaintiff and its counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex

1314386_6

actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Lead Plaintiff and its counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Lead Plaintiff and its counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Lead Plaintiff and its counsel have determined that the Settlement set forth in the Stipulation is in the best interests of Lead Plaintiff and the Class.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff and the Class in the Litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other allegations, the allegations that the Lead Plaintiff or the Class have suffered any damage, that the price of Ply Gem common shares was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiff or the Class were harmed by the conduct alleged in the Litigation or that could have been alleged as part of the Litigation. Defendants believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as

- 3 -

this Litigation.  Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for itself and the Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows:

### 1.    Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of Garden City Group, LLC.

1.3    "Class" means all persons and entities who purchased or otherwise acquired Ply Gem common shares in or traceable to the Company's initial public offering of common stock on or about May 23, 2013 from May 23, 2013 to December 15, 2014, inclusive.  Excluded from the Class are Defendants, the officers and directors of Ply Gem at all relevant times, members of their immediate families, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party; provided that Investment Vehicles meeting the criteria as defined herein shall in no event be excluded.  Also excluded from the Class are any Persons who timely and validly request exclusion from the Class as ordered by the Court.

- 4 -

1.4     "Class Period" means the period from May 23, 2013 to December 15, 2014, inclusive.

1.5     "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶1.3 above.

1.6     "Defendants" means Ply Gem, the Individual Defendants and the Underwriter Defendants.

1.7     "Defendants' Counsel" means the law firms of Paul, Weiss, Rifkind, Wharton & Garrison LLP; Wilson Sonsini Goodrich & Rosati P.C.; O'Melveny & Myers LLP; and Simpson Thacher & Bartlett LLP.

1.8     "Effective Date," or the date upon which this Settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.9     "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor.

1.10     "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition

- 5 -

for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of Lead Plaintiff's counsel's attorneys' fees and expenses, payments to Lead Plaintiff for its time and expenses, the Plan of Allocation of the Net Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

1.11   "Individual Defendants" means Gary E. Robinette, Shawn K. Poe, Frederick J. Iseman, Robert A. Ferris, Steven M. Lefkowitz, John D. Roach, Michael P. Haley, Timothy T. Hall, and Jeffrey T. Barber.

1.12   "Investment Vehicle" means any investment company, separately managed account, or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds, hedge funds, retirement accounts, and employee benefit plans, in which any Underwriter Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Underwriter Defendant alone or together with its respective affiliates is not a majority owner or does not hold a majority beneficial interest.  This definition does not bring into the Class any of the Underwriter Defendants.

1.13   "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.14   "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Robert M. Rothman, 58 South Service Road, Suite 200, Melville, New York 11747.

1.15   "Lead Plaintiff" means The Strathclyde Pension Fund.

1.16   "Litigation" or "Action" means the consolidated action captioned *In re Ply Gem Holdings, Inc., Securities Litigation*, Civil Action No. 1:14-cv-03577-JPO (S.D.N.Y.).

1.17    "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs, expenses, and interest and any award to Lead Plaintiff, provided for herein or approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

1.18    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.19    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.20    "Ply Gem" means Ply Gem Holdings, Inc.

1.21    "Ply Gem's Counsel" means Paul, Weiss, Rifkind, Wharton & Garrison LLP, Daniel J. Kramer, 1285 Avenue of the Americas, New York, NY 10019-6064.

1.22    "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.23    "Related Parties" means each of a Defendant's respective present and former parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, attorneys, advisors, accountants, auditors, and insurers of each of them; and the predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, agents, representatives and assigns of each of them, in their capacity as such.

- 7 -

1.24     "Released Claims" means any and all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever (including Unknown Plaintiffs' Claims as set forth below), that could have been asserted in any forum, whether foreign or domestic, whether based on or arising under federal, state, local, or foreign statutory or common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, based on, arising from or relating to:  (i) the purchase or acquisition of the common stock of Ply Gem in or traceable to the Company's initial public offering of common stock on or about May 23, 2013; and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action.  Released Claims does not include claims to enforce the Settlement.

1.25     "Released Persons" means each and all of the Defendants and their Related Parties.

1.26     "Settlement Amount" means Twenty-Five Million, Nine Hundred Fifty Thousand Dollars ($25,950,000.00) in cash to be paid by wire transfer or check sent by overnight mail to the Escrow Agent pursuant to ¶2.1 of this Stipulation.

1.27     "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.28     "Settling Parties" means, collectively, Defendants, Lead Plaintiff, and the Class.

1.29     "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

1.30     "Underwriter Defendants" means J.P. Morgan Securities LLC, Credit Suisse Securities (USA) LLC, Goldman Sachs & Co. LLC, UBS Securities LLC, Deutsche Bank Securities

- 8 -

Inc., Zelman Partners LLC, BB&T Capital Markets, a division of BB&T Securities, LLC, and Stephens Inc.

1.31    "Unknown Plaintiffs' Claims" means any Released Claims which Lead Plaintiff, Class Members, Defendants, or any of the other Released Persons do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision with respect to this Settlement, including, without limitation, any decision not to object to this Settlement or seek exclusion from the Class.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or

- 9 -

non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

1.32    "Unknown Defendants' Claims" means claims referenced in ¶4.4 below which Defendants do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiff, the Class Members, and Lead Plaintiff's counsel which, if known by him, her, or it, might have affected his, her or its settlement with and release of Lead Plaintiff, Class Members, and Lead Plaintiff's counsel.  With respect to any and all such claims, the Settling Parties stipulate and agree that, upon the Effective Date, Defendants shall expressly waive the provisions, rights, and benefits of California Civil Code §1542, quoted above, as well as any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  Defendants may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the claims referenced in ¶4.4 below, but Defendants shall expressly release any and all such claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without

- 10 -

malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

### 2.    The Settlement

#### a.    The Settlement Amount

2.1    Ply Gem or Ply Gem's insurers, on behalf of all Defendants, shall pay or cause to be paid the Settlement Amount by wire transfer or check sent by overnight mail in accordance with instructions to be provided by the Escrow Agent within twenty-five (25) days of the entry of an order granting preliminary settlement approval.  Alternatively, if the entire Settlement Amount is not timely paid to the Escrow Agent, Lead Counsel may terminate the Settlement but only if (i) Lead Counsel have notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Agent within three (3) calendar days after Lead Counsel have provided such written notice.  The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in a segregated escrow account (the "Escrow Account") maintained by the Escrow Agent.  No other Defendant shall be responsible for the Settlement Amount.

2.2    The obligations incurred pursuant to this Stipulation shall be in full and final disposition and settlement of all Released Claims.  The Settlement Amount paid by Ply Gem or its insurers on behalf of the Defendants is the sole monetary responsibility under this Stipulation, and Class Members who do not timely seek to exclude themselves from the Class shall not look to any of the Defendants or their respective Released Persons for satisfaction of any and all Released Claims. The Defendants are not responsible for payment of Notice and Administration Expenses as defined below, or any out-of-pocket expenses, other than out of the Settlement Amount, as provided herein.

1314386_6

### b.    The Escrow Agent

2.3    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.4    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.5    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.6    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.7    Prior to the Effective Date and without further order of the Court, up to Two Hundred Fifty Thousand Dollars ($250,000) of the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Class,

locating Class Members, soliciting claims, assisting with the submission of claims, processing Proof of Claim and Release forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any ("Notice and Administration Expenses").  After the Effective Date, Lead Counsel may pay all further reasonable Notice and Administration Expenses, regardless of amount, without further order of the Court.

2.8     It shall be Lead Counsel's sole responsibility to disseminate the Notice (as defined below) and summary notice to the Class in accordance with this Stipulation and as ordered by the Court.  Defendants shall not bear any cost or responsibility for class notice, administration, or the allocation of the Net Settlement Fund among Authorized Claimants.  Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

### c.     Taxes

2.9     (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.9, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns

- 13 -

necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns

described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.9(a)

hereof) shall be consistent with this ¶2.9 and in all events shall reflect that all Taxes (including any

estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out

of the Settlement Fund as provided in ¶2.9(c) hereof.

> (c)      All (a) Taxes (including any estimated Taxes, interest or penalties) arising

with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that

may be imposed upon the Released Persons or their counsel with respect to any income earned by

the Settlement Fund for any period during which the Settlement Fund does not qualify as a

"qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs

incurred in connection with the operation and implementation of this ¶2.9 (including, without

limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and

expenses relating to filing (or failing to file) the returns described in this ¶2.9) ("Tax Expenses"),

shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall

have no liability or responsibility for the Taxes or the Tax Expenses.  The Escrow Agent, through the

Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless

for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such

indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost

of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the

Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized

(notwithstanding anything herein to the contrary) to withhold from distribution to Authorized

Claimants any funds necessary to pay such amounts, including the establishment of adequate

reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be

1314386_6

withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.9.

        **d.**      **Termination of Settlement**

2.10    In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Ply Gem's Counsel in accordance with ¶7.4 herein.

**3.**    **Preliminary Approval Order and Settlement Hearing**

3.1    Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing as defined below.

3.2    Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of

Allocation and the Fee and Expense Application and Lead Plaintiff's request for payment of time and expenses, if any.

**4.     Releases**

4.1     Upon the Effective Date, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release or shares in the Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.

4.2     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

4.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Lead Plaintiff's counsel from all claims and causes of action of every nature and description (including Unknown Defendants' Claims) whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the Settlement.

- 16 -

5.      **Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1      The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2      The Settlement Fund shall be applied as follows:

(a)      to pay all Notice and Administration Expenses;

(b)      to pay the Taxes and Tax Expenses described in ¶2.9 hereof;

(c)      to pay attorneys' fees and expenses of counsel for the Lead Plaintiff (the "Fee and Expense Award"), and to pay Lead Plaintiff for its expenses, if and to the extent allowed by the Court; and

(d)      after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3      After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4      Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified therein.  Any Person who files a Proof of Claim and Release shall reasonably cooperate

- 17 -

with the Claims Administrator, including by promptly responding to any inquiry made by the Claims Administrator.

5.5    All Members of the Class (except Persons who request exclusion) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

5.6    Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event no later than fourteen (14) days prior to the Settlement Hearing.

5.7    Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release or a Request for Exclusion within the applicable period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

5.8    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time

1314386_6

after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund shall be donated to the New York Bar Foundation.

5.9     The Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against the Defendants or their Related Parties with respect to the matters set forth in ¶¶5.1-5.11 hereof; and the Class Members, Lead Plaintiff, and Lead Counsel release the Defendants and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

5.10    No Person shall have any claim against Lead Plaintiff, Lead Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.11    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein.

- 19 -

6.     **Lead Plaintiff's Counsel's Attorneys' Fees and Expenses**

6.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2     The fees and expenses, as awarded by the Court, shall be paid to Lead Counsel, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses.  Lead Counsel may thereafter allocate the attorneys' fees among other plaintiffs' counsel, if any, in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then (a) Lead Counsel with respect to the entire Fee and Expense Award, and (b) such of plaintiffs' counsel who have received any portion of the Fee and Expense Award shall within five (5) business days from receiving notice from the Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.  Each such plaintiffs' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of

- 20 -

itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4     Lead Plaintiff may submit an application for an award for their time and expenses in connection with the prosecution of the Litigation.  However, in the event that the Effective Date does not occur, or the Judgment or the order approving Lead Plaintiff's application for an award for its time and expenses is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, then Lead Plaintiff shall within five (5) business days from receiving notice from Ply Gem's Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such amounts for time and expenses previously paid to it from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.

6.5     The procedure for and the allowance or disallowance by the Court of any applications by any plaintiffs' counsel for attorneys' fees and expenses, or the expenses of the Lead Plaintiff, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or Lead Plaintiff's expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth therein.

1314386_6

6.6     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  Defendants and their Related Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to plaintiffs' counsel or Lead Plaintiff.

6.7     Defendants and their Related Parties shall have no responsibility for the allocation among plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the Settlement Amount has been deposited into the Escrow Account;

(b)     the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof, substantially in the form set forth in Exhibit A attached hereto;

(c)     the Court has granted final approval to the Settlement as described herein, following notice to the Class and a hearing, as required by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(d)     Ply Gem has not exercised its option to terminate the Stipulation pursuant to ¶7.3 hereof; and

(e)     the Judgment has become Final, as defined in ¶1.10 hereof.

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants or the Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the releases herein shall be effective.  If the conditions specified in ¶7.1 hereof are

not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

7.3     Ply Gem shall have the option to terminate the Settlement in the event that Class Members representing more than a certain percentage of Ply Gem common shares subject to this Settlement exclude themselves from the Class in accordance with the Notice, as set forth in a confidential separate agreement (the "Supplemental Agreement") to be executed between the Lead Plaintiff and Ply Gem, by and through their counsel, concurrently with this agreement.  The terms of the Supplemental Agreement shall not be disclosed in any other manner other than the statements herein and in the Notice, or as otherwise provided in the Supplemental Agreement unless and until the Court otherwise directs or a dispute arises between Lead Plaintiff and Defendants concerning its interpretation or application.  If submission of the Supplemental Agreement to the Court is required for resolution of a dispute or is otherwise ordered by the Court, the parties will undertake to have the Court review the Supplemental Agreement *in camera* without filing it on the docket.  If the Court requires that the Supplemental Agreement be filed, the parties shall request that it be filed under seal or with the percentage redacted.

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for the Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been disbursed pursuant to ¶¶2.7 and 2.9 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.7 and 2.9 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from Ply Gem's Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in

- 23 -

connection with such application(s) for refund, pursuant to written instructions from Ply Gem's Counsel.

7.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of September 28, 2017.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.32, 2.7-2.10, 6.3-6.4, 7.4-7.6, and 9.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to any of plaintiffs' counsel or expenses to the Lead Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.7 or 2.9.  In addition, any expenses already incurred pursuant to ¶¶2.7 or 2.9 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.10 and 7.4 hereof.

7.7     Ply Gem warrants and represents that it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time the Stipulation is executed and will not be as of the time the payments of the Settlement Amount are actually transferred or made as reflected in the Stipulation.

1314386_6

This representation is made by Ply Gem and not by Ply Gem's Counsel. In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of Ply Gem to be a voidable preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the United States Code (Bankruptcy), or applicable state law, and any portion thereof is required to be refunded and such amount is not promptly deposited in the Settlement Fund by or on behalf of any other Defendant, then, at the election of Lead Plaintiff, as to Ply Gem, the Settlement may be terminated and the Judgment entered in favor of Ply Gem pursuant to the Settlement shall be null and void. In such instance, the releases given and the Judgments entered in favor of other Defendants shall remain in full force and effect. Alternatively, at the election of Lead Plaintiff, the Settling Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of the Defendants and that the Defendants and Lead Plaintiff and the Members of the Class shall be restored to their litigation positions as of September 28, 2017 and the Settlement Fund shall be promptly returned.

### 8. Bar Order

8.1     If the Settlement embodied in this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form annexed hereto as Exhibit B which shall, among other things, contain a provision providing for a Complete Bar Order in the Action, as follows: Upon the Effective Date, any and all Persons are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim where the alleged injury to that Person is that Person's actual or threatened liability to the Class or a Class Member in the Action), arising out of, based upon, relating to, concerning, or in connection with the

Released Claims, against each and every one of the Released Persons, whether arising under state, federal, local, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in the Action or any separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum; and the Released Persons are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim where the alleged injury to the Released Person is that Released Person's actual or threatened liability to the Class or a Class Member in the Action) arising out of, based upon, relating to, concerning, or in connection with the Released Claims, against any Person other than a Person whose liability to the Settlement Class has been extinguished pursuant to the Settlement and Judgment, whether arising under state, federal, local, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in the Action or any separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum; provided, however, that nothing herein shall release or alter the contractual rights, if any, under the terms of any bylaws or other written agreement: (i) between or among the Underwriter Defendants; (ii) between the Underwriter Defendants, on the one hand, and Ply Gem, on the other hand; or (iii) between the Individual Defendants, on the one hand, and Ply Gem, on the other hand.  Notwithstanding the foregoing,  nothing herein shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation, the Settlement, or the Judgment.

**9.     Miscellaneous Provisions**

9.1     The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

- 26 -

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Final Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     Lead Plaintiff and its counsel and the Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement embodied in this Stipulation constitutes an admission of any claim or defense alleged.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.4     Neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment from this action in any other

- 27 -

action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.5     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.6     Whether or not this Stipulation is approved by the Court and whether or not the Settlement embodied in this Stipulation is consummated, the parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings had in connection with this Stipulation confidential.  Notwithstanding the foregoing, the parties agree that this Stipulation may be filed publicly as part of any motion for preliminary or final approval of the Settlement.

9.7     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached thereto, the terms of this Stipulation shall prevail.

9.8     Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of the Class Action Fairness Act and will identify those who will receive notice as provided for therein.  Defendants shall be responsible for mailing such notice within the time provided for in 28 U.S.C. § 1715(b) and for all expenses and costs related thereto.

9.9     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.10     The waiver by any party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

- 28 -

9.11    The Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein or in a separate written agreement, each party shall bear its own costs.

9.12    Lead Counsel, on behalf of the Class, are expressly authorized by the Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.13    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.14    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

9.15    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.16    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation and matters related to the Settlement.  Any such actions, motions, or disputes arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in this Court.

1314386_6

9.17    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.18    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.  This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between all parties and that all parties have contributed substantially and materially to the preparation of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys.

Dated: February 9, 2018

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
ERIN W. BOARDMAN
CHRISTOPHER T. GILROY

_Robert Roth_

ROBERT M. ROTHMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
rrothman@rgrdlaw.com
eboardman@rgrdlaw.com
cgilroy@rgrdlaw.com

- 30 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK SOLOMON
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
msolomon@rgrdlaw.com

Lead Counsel for Plaintiffs

Dated: ~~February 9~~, 2018      *March 5*

PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
DANIEL J. KRAMER
GREGORY F. LAUFER

*Gregory F. Laufer*
_____
DANIEL J. KRAMER

1285 Avenue of the Americas
New York, NY  10019-6064
Telephone: 212/373-3000
212/757-3990 (fax)
dkramer@paulweiss.com
glaufer@paulweiss.com

Attorneys for Defendant Ply Gem Holdings, Inc.

Dated: February *23*, 2018

WILSON SONSINI GOODRICH &
  ROSATI P.C.
BARRY M. KAPLAN
GREGORY L. WATTS

_____
BARRY M. KAPLAN

701 Fifth Avenue, Suite 5100
Seattle, WA  98104
Telephone: 206/883-2500
206/883-2699 (fax)
bkaplan@wsgr.com
gwatts@wsgr.com

Attorneys for Defendants Gary E. Robinette and
Shawn K. Poe

- 31 -

March 5, 2018

Dated: ~~February 9, 2018~~

O'MELVENY & MEYERS LLP
JONATHAN ROSENBERG
BRADLEY J. BUTWIN
STUART SARNOFF


_Jonathan Rosenberg / JAG_
JONATHAN ROSENBERG
7 Times Square
New York, New York 10036
Telephone: 212/326-2000
212/326-2061 (fax)
jrosenberg@omm.com
bbutwin@omm.com
ssarnoff@omm.com

Attorneys for Defendants Frederick J. Iseman,
Robert A. Ferris, Steven M. Lefkowitz, John D.
Roach, Michael P. Haley, Timothy T. Hall, and
Jeffrey T. Barber

Dated: February 9, 2018

SIMPSON THACHER & BARTLETT LLP
PETER E. KAZANOFF
SARA A. RICCIARDI
SARAH E. PHILLIPS


PETER E. KAZANOFF

425 Lexington Avenue
New York, NY 10017
Telephone: 212/455-2000
212/455-2502 (fax)
pkazanoff@stblaw.com
sricciardi@stblaw.com
sarah.phillips@stblaw.com

Attorneys for J.P. Morgan Securities LLC,
Credit Suisse Securities (USA) LLC,
Goldman Sachs & Co. LLC, UBS Securities LLC,
Deutsche Bank Securities Inc., Zelman Partners
LLC, BB&T Capital Markets, a division of BB&T
Securities, LLC, and Stephens Inc.

- 32 -

1314386_6

Dated:  February 9, 2018

O'MELVENY & MEYERS LLP
JONATHAN ROSENBERG
BRADLEY J. BUTWIN
STUART SARNOFF

_____
JONATHAN ROSENBERG

7 Times Square
New York, New York 10036
Telephone:  212/326-2000
212/326-2061 (fax)
jrosenberg@omm.com
bbutwin@omm.com
ssarnoff@omm.com

Attorneys for Defendants Frederick J. Iseman,
Robert A. Ferris, Steven M. Lefkowitz, John D.
Roach, Michael P. Haley, Timothy T. Hall, and
Jeffrey T. Barber

Dated:  February 9, 2018

SIMPSON THACHER & BARTLETT LLP
PETER E. KAZANOFF
SARA A. RICCIARDI
SARAH E. PHILLIPS

_____
PETER E. KAZANOFF

425 Lexington Avenue
New York, NY  10017
Telephone:  212/455-2000
212/455-2502 (fax)
pkazanoff@stblaw.com
sricciardi@stblaw.com
sarah.phillips@stblaw.com

Attorneys for J.P. Morgan Securities LLC,
Credit Suisse Securities (USA) LLC,
Goldman Sachs & Co. LLC, UBS Securities LLC,
Deutsche Bank Securities Inc., Zelman Partners
LLC, BB&T Capital Markets, a division of BB&T
Securities, LLC, and Stephens Inc.

- 32 -

1314386_6

<u>CERTIFICATE OF SERVICE</u>

I, Robert M. Rothman, hereby certify that on March 6, 2018, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

s/ Robert M. Rothman
_____
ROBERT M. ROTHMAN
